┌─────────────────────────────────────────────┐
│         **NONPRECEDENTIAL DISPOSITION**       │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 5, 2017
Decided March 30, 2017

*Before*

RICHARD A. POSNER , *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 15-2990 & 15-2991

| | |
|---|---|
| DAN K. ARNOLD, a Florida resident,<br>    *Plaintiff-Appellant/Cross-Appellee*,<br><br>        *v.*<br><br>KJD REAL ESTATE, LLC, an Illinois<br>Limited Liability Company,<br>    *Defendant-Appellee/Cross-Appellant*,<br><br>    *and*<br><br>GEISSLER ROOFING COMPANY, INC.<br>and D&D PROPERTY MANAGEMENT<br>INC.,<br>    *Defendants-Appellees/Cross-Appellees.* | Appeals from the United States District Court for the Southern District of Illinois.<br><br>No. 3:10-cv-00913<br><br>Nancy J. Rosenstengel,<br>*Judge*. |

**O R D E R**

Plaintiff Dan Arnold brought this interpleader action against three entities—Geissler Roofing, D&D Property Management, and KJD Real Estate—to resolve

conflicting claims to stock held by Arnold. KJD's claim is based on an agreement to purchase the stock from Arnold in 2007, while Geissler and D&D's claim rests on a 2008 state court default judgment requiring Arnold to transfer the stock to them. The district court held a bench trial and in a thorough and well-reasoned opinion concluded that Geissler and D&D were the stock's rightful owners. We affirm. Because Arnold never delivered the stock to KJD, the 2007 purchase agreement was ineffectual, and Geissler and D&D have superior title based on the 2008 default judgment.

## I.    Background

This case has a long and convoluted history; we recount here only what is necessary for the resolution of this appeal. Dan Arnold was a former officer of Geissler Roofing Co., Inc. (Geissler), and D&D Property Management, Inc. (D&D), and he owned a large amount of stock in each. In April 2007, Arnold agreed to sell that stock to KJD Real Estate, LLC (KJD) for $290,000. KJD is a competitor of Geissler's that often bids against it on roofing contracts. KJD paid Arnold an initial amount of $100,000, but the deal fell through because Arnold never delivered the stock to KJD. Arnold's agreement with KJD also violated a transfer restriction on the Geissler stock that required Arnold to offer that stock back to Geissler before agreeing to sell it outside the corporation.[1] A year later, in April 2008, an Illinois state court entered a default judgment requiring Arnold to transfer the Geissler and D&D stocks back to Geissler and D&D.[2] That judgment was upheld on appeal.

In 2010 Arnold filed a Rule 22 interpleader action against KJD, Geissler, and D&D in federal court to determine the defendants' respective rights to the stock.[3] The district court held a bench trial and initially dismissed the action for lack of subject matter jurisdiction. Arnold appealed, and we reversed. See *Arnold v. KJD Real Est., LLC*,

---

[1] The D&D stock did not have a transfer restriction.

[2] The default judgment specifically ordered Arnold to comply with an earlier 2006 settlement in which Arnold agreed to transfer the stock to Geissler and D&D in exchange for $207,500. Arnold eventually transferred the stock to Geissler and D&D following a subsequent Illinois state court order in 2012.

[3] Federal Rule of Civil Procedure 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1).

752 F.3d 700 (7th Cir. 2014) (finding diversity jurisdiction and remanding for further proceedings).

Reaching the merits on remand, the district court ruled that Geissler and D&D had superior title to the stock based on the 2008 state court default judgment. The court gave two reasons for rejecting KJD's competing claim based on its 2007 purchase agreement: (1) the agreement did not effect a valid transfer because Arnold never delivered the stock to KJD; and (2) with respect to the Geissler stock only, the agreement was ineffectual because Arnold failed to comply with the relevant transfer restriction. The court also ordered Arnold to return to KJD its initial $100,000 payment for the stock it never received. Arnold and KJD appeal.

## II.     Discussion

In an appeal from a bench trial, we review for clear error the district court's factual findings and its applications of law to those findings. *Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013). We will not disturb the district court's conclusions as long as they are "plausible in light of the record viewed in its entirety." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1104 (7th Cir. 2013). The parties agree that the substantive law of Illinois applies. See *Aeroground, Inc. v. CenterPoint Props. Trust*, 738 F.3d 810, 813 (7th Cir. 2013).

Viewing the record in its entirety, we see no clear error in the district court's conclusion that Geissler and D&D have the strongest claim to the disputed stock. Although KJD was "first in time"—it agreed to purchase the stock in 2007—a purchase agreement does not by itself effect a transfer. See *Friedrich v. Mottaz*, 294 F.3d 864, 868 (7th Cir. 2002). Rather, a valid transfer occurs only if the stock is delivered to the purchaser. *Id.*; 810 Ill. Comp. Stat. Ann. 5/8-104(a). Delivery occurs when the purchaser acquires possession of the stock certificates, or (in the case of an uncertificated stock) when the issuer registers the purchaser as the registered owner. 810 Ill. Comp. Stat. Ann. 5/8-301(a)–(b). It is undisputed that Arnold never delivered the stock to KJD. At no point did KJD take possession of the stock certificates, nor was KJD ever registered as the owner. As a result, KJD's purchase agreement did not effect a valid transfer, and the district court did not clearly err in concluding that the Illinois default judgment gave Geissler and D&D a superior right to the stock.

Nor did the district court err in finding that Arnold was not authorized to transfer the Geissler stock to KJD without first offering it back to Geissler in accordance with the relevant transfer restriction. Restrictions upon the transfer of corporate stock are permissible if they are "reasonable and not contrary to any law or public policy." *Rench v. Leihser*, 487 N.E.2d 1201, 1202 (Ill. App. Ct. 1986). Geissler is a closely held corporation with just a few shareholders; the restriction at issue was therefore a reasonable measure designed to prevent outside competitors (such as KJD) from gaining access to sensitive proprietary information that could be used against Geissler's interests.[4] The restriction wasn't against any law or public policy either. Indeed, Illinois law expressly permits right-of-first-refusal transfer restrictions of the sort seen here. 805 Ill. Comp. Stat. Ann. 5/6.55(c)(1). The district court thus properly rejected KJD's claim to the Geissler stock for the additional reason that KJD's purchase agreement violated a valid transfer restriction.[5]

## III.    Conclusion

The district court did not clearly err in determining that Geissler and D&D have a superior claim to the disputed stock. KJD's claim is based on an ineffectual purchase agreement; Geissler and D&D's claim rests on a valid court order upheld on appeal. The judgment of the district court is AFFIRMED.

---

[4] The need for such protection was not illusory. As a competitor in the construction and roofing business, KJD wasted little time in trying to inspect Geissler's books and records after entering into its purchase agreement with Arnold.

[5] Arnold and KJD raise several arguments challenging the Geissler restriction's enforceability. We have considered these arguments and find them meritless.